UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessica Faecher,                                ) | C/A: 4:24-cv-1048-JD-TER |
|                   Plaintiff,   ) | |
| vs.                                                      ) | |
|                             ) | ORDER |
| Commissioner of Social Security Admin., ) | |
|                   Defendant. ) | |
| _____) | |

Plaintiff filed a "Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978," citing 12 U.S.C. § 3410. (ECF No. 13 at 1). It appears Plaintiff is requesting "an order preventing the government from obtaining access to my financial records." (ECF No. 13 at 1). Plaintiff asserts that the information should not be disclosed because "my credit cards per Social Security Rules are not considered in my SSI benefits, therefore are not relevant." (ECF No. 13 at 2). Plaintiff asserts as "other legal basis" for why the information should not be disclosed is "my credit cards are not income and do not and will not be used." (ECF No. 13 at 2). In a separate page, Plaintiff alleges "there has been zero evidence to prove any fraud." (ECF No. 13 at 3). Plaintiff alleges SSA has taken actions against her ex-husband. Plaintiff generally alleges "this is 100% retaliation discrimination." (ECF No. 13 at 4).

Under 12 U.S.C. § 3410, a financial customer can file a motion to quash an administrative summons or judicial subpoena or an application to enjoin a Government authority from obtaining financial records and the United States district court is the appropriate court. Pursuant to 12 U.S.C. § 3410(b), the court ordered the Government to file a sworn response and the Government did so. (ECF No. 17). The Government submitted additional factual and procedural materials. On February 23, 2024, the Government issued an "administrative subpoena duces tecum for the SSA-OIG" to Bank of America and sent Plaintiff a copy with additional notices and instructions. (ECF No. 17-1

at 1). The Government attests by way of Agent Scott that the SSA-OIG received concerns from the SSA that Plaintiff might have potential, fraudulent or otherwise improper receipt of SSI payments for her two children. (ECF 17-5 at 2). Agent Scott stated it is alleged Plaintiff was misrepresenting her living arrangements and concealing income and resources in order for her two children to qualify for SSI payments.

The Right to Financial Privacy Act allows limited challenges by consumers as to the release of financial information to the Government. 12 U.S.C. § 3410. In accordance with the statutes of the RFPA, the judiciary plays a "strictly limited" role. *Gilbreath v. Guadalupe Hosp. Found. Inc.* 5 F.3d 785, 790 (5th Cir. 1993). The court only considers whether the law enforcement inquiry is a legitimate one and whether the records sought are relevant to that inquiry. 12 U.S.C. § 3410.

The information provided in Agent Scott's sworn statement as discussed below renders the inquiry a legitimate one. SSA-OIG is tasked by Congress to conduct investigations related to the operations of SSA to prevent fraud and abuse, included in that congressional mandate is the authorization to subpoena materials necessary to perform that duty. 5 U.S.C. § 404(a)(1), 5 U.S.C. § 406(a)(4). The Government attested that the subpoenaed records are relevant and indispensable to a legitimate law enforcement inquiry in order to determine whether the allegations against Plaintiff are supported and to determine whether Plaintiff is entitled to receive SSI benefits for her children. (ECF No. 17-5 at 2). Further, SSA-OIG Agent Scott stated Plaintiff's alleged actions are potential federal criminal violations under 18 U.S.C. § 641 and 18 U.S.C. § 1001; Congress requires the SSA-OIG to investigate such allegations of criminal violations. (ECF No. 17-5 at 3); 5 U.S.C. § 404(a)(1).

Second, there is a reasonable belief that Plaintiff's own financial records are relevant to the above-discussed legitimate inquiry. *See Ling v. U.S. Dep't of Just.,* 507 F. Supp. 1, 2 (S.D. Fla.

1979)(the court's limited inquiry under RFPA does not include scrutinizing any alleged equities of Plaintiff's claim at this investigative stage and is only limited as to whether or not there is a reasonable belief the records sought are relevant to the inquiry, citing to sworn affidavits of an agent as ample support). The Government attested that the records requested are solely Plaintiff's records. (ECF No. 17-5 at 3). The records are sworn to be necessary to verify the truthful reporting of household income and resources for determination of eligibility[1] and amount of SSI payments. (ECF No. 17-5 at 3).

Plaintiff's Motion does not contest Defendant's compliance with the RFPA; however, the court has reviewed the Defendant's materials displaying compliance with the RFPA, with notice to Plaintiff of: the types of documents requested from Bank of America, Plaintiff's rights under RFPA to challenge or give consent, instructions for completing a motion and statement, and forms for such motion and sworn statement, which Plaintiff did in fact use to file this Motion with the court. (ECF No. 17-2 at 1-16).

Per 12 U.S.C. § 3410(c), the court shall deny the motion and order such process enforced if the court finds there is a demonstrable reason to believe that the inquiry is legitimate and a reasonable belief that the records requested are relevant to that inquiry. Given the court's limited review and for the reasons discussed above, the court finds 1) the Government complied with notice

---

[1] Generally, in order for any applicant to be eligible for SSI payments, applicants "must give us permission to contact ANY financial institution and request ANY financial records that financial institution may have about you... [y]ou must also provide us with permission from anyone whose income and resources we consider as being available to you." 20 C.F.R. § 416.207(a)(emphasis added). The statutory definition of financial institution includes a credit card issuer. 20 C.F.R. § 416.207(b)(3). The regulations also lay out the consequences for cancelling permission to contact any financial institution for any financial records: "you CANNOT be eligible for SSI payments." 20 C.F.R. § 416.207(g).

to Plaintiff under RFPA, 2) the inquiry is a legitimate one, and 3) the records requested are relevant to that inquiry.

Accordingly, it is ORDERED that the Plaintiff's Motion (ECF No. 13) is denied. The parties are instructed to inform the subpoenaed party(Bank of America) that production pursuant to the subpoena dated February 23, 2024 is due within 14 days from the date of this order.

April 3, 2024
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge